IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Nos. 04-cr-411-1 and 05-cr-126-2 |
| | : | |
| ELIJAH SMITH, | : | |
| | : | |
| Defendant/Petitioner. | : | |
| | : | |

**MEMORANDUM**

**J. Younge**                                                                                     **October 19, 2023**

**I.      INTRODUCTION**

Petitioner Elijah Smith filed his Motion to Vacate, Set Aside or Correct the Sentence pursuant to 28 U.S.C. § 2255 on June 16, 2016.  (ECF No. 163.)[1]  Petitioner filed a *pro se* Motion to Amend his Section 2255 Motion on September 12, 2023.  (ECF No. 198.)  The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7.1(f). For the reasons stated in the following Memorandum, these Motions are Denied.

**II.     FACTUAL/PROCEDURAL BACKGROUND**

In Criminal Number 04-411-1, the Petitioner was charged in a seventeen-count indictment with conspiracy to interfere, and interference, with interstate commerce by robbery in violation of 18 U.S.C. §§ 1951(a) and 2 and use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1).  *See* Indictment, ECF No. 12.  These charges stemmed from participation in six armed robberies between December 23, 2003, and January 4, 2004.  *See id.* On January 11, 2005, the Petitioner pled guilty to conspiracy to interfere, and interference, with

---

[1] This Section 2255 Motion was filed in two criminal cases, docketed at 04-cr-411-JMY-1 and 05-cr-126-JMY-2.  Unless otherwise stated, all ECF references are to the criminal case docketed at 04-cr-411-JMY-1.

interstate commerce by robbery (Counts 1, 4-7, 10, 12, 14, & 16) and use of a firearm during the commission of those crimes (Counts 5 & 7) pursuant to a plea agreement.  (ECF Nos. 89 & 90.) This plea agreement stated that the "defendant agrees and stipulates that in each robbery charged in the indictment a firearm was used to facilitate its commission; and further agrees and stipulates that in each robbery charged in the indictment, a firearm was brandished."  (Guilty Plea Agreement, ECF No. 89, p. 10.)  The Petitioner was sentenced to 384 months' imprisonment pursuant to Section 924(c)'s mandatory minimums, and that sentence was to run consecutively to 210 months' imprisonment for the other counts of conviction for a total of 594 months.  *See* ECF No. 124.

In Criminal Number 05-cr-126-2, the Petitioner was charged in a five-count indictment with conspiracy to interfere, and interference, with interstate commerce by robbery, in violation of 18 U.S.C. §§ 1951(a) and 2 and use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1).  *See* Indictment, ECF No. 1, docketed at:  05-cr-126-2.  These charges stemmed from participation in an armed robbery on July 11, 2003.  *See id.*  On May 12, 2005, the Petitioner pled guilty to conspiracy to interfere, and interference, with interstate commerce by robbery (Counts 1 & 4) and use of a firearm during the commission of those crimes (Count 5) pursuant to a plea agreement.  (ECF Nos. 12 & 13, docketed at:  05-cr-126-2.)  The Petitioner was sentenced to 84 months' imprisonment pursuant to § 924(c)'s mandatory minimum, and that sentence was to run consecutively to 210 months' imprisonment for the other counts of conviction.  *See* ECF No. 53, docketed at:  05-cr-126-2.  In total, the Petitioner was sentenced to 678 months' imprisonment in Criminal Numbers 04-cr-411-1 and 05-cr-126-2.

On June 16, 2016, Defendant filed a timely[2] Motion to Vacate, Set Aside, or Correct the Sentence pursuant to 28 U.S.C. § 2255(a) in both cases.  (ECF No. 163.)  This Motion challenges the constitutionality of his convictions based on the Supreme Court holding in *Johnson v. United States*, 576 U.S. 591 (2005) and requests that his Court vacate Petitioner's Section 924(c) conviction and sentence.  *See* ECF No. 163.  This matter was stayed on September 25, 2019, following the Supreme Court's holding in *United States v. Davis*, 139 S. Ct. 2319 (2019) and pending resolution of the controlling issues by higher courts.  (ECF No. 176.)  On September 12, 2023, Defendant filed his pro se Motion to Amend his Section 2255 Motion based on *Davis* being retroactively applicable.  *See* ECF No. 197.  The Government filed its Response to Defendant's Section 2255 Motion and Motion to Amend on September 29, 2023.  (ECF No. 198.)

### III. LEGAL STANDARD

A federal prisoner may move the court to vacate, set aside, or correct the sentence where the sentence imposed was unconstitutional, imposed by a court that lacked jurisdiction, in excess of the lawful maximum, or otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  The wrongful application of a mandatory minimum sentence or other sentencing enhancements to ineligible charges would constitute a violation of a criminal defendant's due process rights.  U.S. Const. amend. V.

### IV. DISCUSSION

A completed Hobbs Act robbery is a qualifying predicate offense for the application of Section 924(c)'s mandatory minimum.  The Hobbs Act prohibits committing, attempting to

---

[2] There is a one-year limitations period that runs from "the date on which the right asserted was initially recognized by the Supreme Court."  28 U.S.C. § 2255(f)(3).  *Johnson v. United States*, the relevant benchmark case, was decided on June 26, 2015.  576 U.S. 591 (2005).

commit, or conspiring to commit robbery affecting interstate commerce. 18 U.S.C. § 1951(a). A conviction for Hobbs Act robbery requires proof that the defendant took another's property unlawfully "by means of actual or threatened force," but the use of force is not required in convictions for attempted robbery or conspiracy to commit robbery. 18 U.S.C. §§ 1951(a)-(b). Section 924(c)'s mandatory minimum sentences apply to persons brandishing a firearm during and in relation to 'crimes of violence.' 18 U.S.C. § 924(c)(1)(A). A crime of violence, as defined in Section 924(c)'s elements clause, is one that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). A crime of violence had been alternatively defined in Section 924(c)'s residual clause as "involv[ing] a substantial risk that physical force against the person or property of another may be used in the courses of committing the offense," a provision nearly identical to the residual clause of the Armed Career Criminal Act held to be unconstitutionally vague in *Johnson*. 18 U.S.C. § 924(c)(3)(B); 135 S. Ct. at 2557-59. The Supreme Court subsequently invalidated the residual clause in Section 924(c). *See Davis*, 139 S. Ct.

Following the invalidation of Section 924(c)'s residual clause, the Supreme Court determined that an *attempted* Hobbs Act robbery does not qualify as a predicate crime of violence for the purposes of Section 924(c)'s sentencing enhancements because it does not require proof of the use, or attempted use, of force. *United States v. Taylor*, 142 S. Ct. 2015, 2021 (2022). However, a *completed* Hobbs Act robbery remains a crime of violence under Section 924(c)'s surviving elements clause. *United States v. Stoney*, 62 F.4th 108 (3d Cir. 2023). The Third Circuit has joined with other Circuit courts in determining that the predicate crime, and whether it qualifies as a crime of violence, can be established by the factual record, including by examination of the "plea agreement and attendant factual proffer." *Id.* at 112 (internal

quotations omitted). Accordingly, defendants cannot avoid liability by arguing that they had pled to the minimum conduct described in Section 1951(a) where the facts establish that there was a completed robbery. *Id.*

The factual record shows that Section 924(c) was properly applied to the Petitioner's convictions. The Petitioner pled guilty to a total of seven gunpoint robberies, which included pleading guilty to the use of a firearm during the commission of those robberies. These constitute completed Hobbs Act robberies and are qualifying predicate crimes for the application of Section 924(c)'s mandatory minimums. *See id.* The Petitioner's reliance on *Davis* in his Motion to Amend has no effect on this categorization. As such, this Court will not disturb the Petitioner's sentence.

## V.    CONCLUSION

For the foregoing reasons, the Petitioner's Motion to Vacate, Set Aside, or Correct the Sentence and Motion to Amend are Denied.

An appropriate Order follows.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ John Milton Younge
**Judge John Milton Younge**